**REISSUED FOR PUBLICATION**
**NOV 30 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1445V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| R.G., *by his parent and natural guardian,* PAUL GALLAGHER, | Special Master Corcoran |
| Petitioner, | Filed: October 10, 2018 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Dismissal of Petition; Vaccine Act; Denial Without Hearing; Failure to Prosecute. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul Gallagher,* pro se, Southhampton, MA.

*Voris E. Johnson,* U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]

On October 5, 2017, Paul Gallagher filed a petition seeking compensation under the National Vaccine Injury Compensation Program on behalf of his minor son, R.G.[2] The Petition alleged that certain childhood vaccines that R.G. received on October 15, 2014, caused him to suffer from developmental delays that were eventually diagnosed as an autism spectrum disorder ("ASD"). *See* Petition ("Pet.") at 1-2.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

I held an initial status conference in this case on November 27, 2017. Based on my review of the Petition (in combination with the medical records filed as of that date),[3] I outlined my concerns to Petitioner regarding the claim's overall reasonable basis. *See* Order, dated Nov. 28, 2017 (ECF No. 8). I specifically explained to Petitioner that claims alleging vaccines can cause autism have repeatedly been unsuccessful in the Vaccine Program. *Id.* at 1-2. I also noted, given Petitioner's initial assertions that R.G. may have suffered some form of encephalopathy post-vaccination, that Table claims based on a theory of encephalopathy causing a neurologic injury could be successful (albeit in rare circumstances).

At the conclusion of the conference, I set a deadline of January 31, 2018, for Petitioner to file all relevant medical record evidence supporting his claim. *Id.* at 2. That deadline was subsequently extended twice over a four-month period. *See* Order, dated Feb. 1, 2018 (ECF No. 10); Order, dated Apr. 4, 2018 (ECF No. 12). Thereafter, Respondent filed three sets of medical records for Petitioner on April 12, 2018 (including records discussing visits related to occupational and speech therapy, as well as a neuropsychological evaluation). *See* ECF No. 16.

On May 9, 2018 (nearly five months past Petitioner's original medical records filing deadline), I held an additional status conference to discuss my views of the case in light of the additional medical records filed to date. Given the existence of numerous other decisions pursuing theories similar to the one proposed herein (involving a claimed injury of autism after an encephalopathic event), I reiterated to Petitioner my strongly-held view that his claim likely faced reasonable basis problems given its overall nature. *See* Order, dated May 10, 2018 (ECF No. 18) ("May 10th Order"). I noted that it was highly unlikely that Petitioner could show sufficient grounds for proceeding with this case, as he had produced no evidence to distinguish this case from the many similar claims that had failed to establish entitlement. *Id.* at 1-2. In particular, the record did not support his assertion that R.G. experienced any type of encephalopathic reaction to the vaccines he received, or that his developmental regression was more than temporally related to those vaccines. Thus, I set a deadline of July 31, 2018, for Respondent to file a motion to dismiss the case, and I directed Petitioner to file a response on or before August 31, 2018. *See* May 10th Order at 2.[4]

Respondent filed his motion to dismiss, along with a Rule 4(c) Report on July 26, 2018 (ECF No. 21). Thereafter, Petitioner entirely missed the August 31, 2018, deadline to respond. Thus, on September 6, 2018, I ordered Petitioner to file the overdue response immediately. *See* Order, dated Sept. 6, 2018 (ECF No. 22). After Petitioner ignored that deadline as well, I directed Petitioner to show cause immediately why the case should not be dismissed for failure to comply

---

[3] Petitioner filed roughly 50 pages of medical records with the petition (including R.G.'s birth certificate and records concerning proof of vaccination, well-child visits, and developmental assessments). *See generally* ECF No. 1.

[4] Respondent filed two additional sets of medical records for Petitioner on June 13, 2018. *See* ECF No. 20. Those records included birth records and pediatric well-visit records from Baystate Medical Center.

with my orders. *See* Order to Show Cause, dated Sept. 18, 2018 (ECF No. 23). Despite this Order, Petitioner still has not filed a brief in support of his claim, nor filed a response of any kind to my Show Cause Order.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover preponderant evidence that R.G. suffered a Table injury. Accordingly, Petitioner seeks to establish entitlement via a causation-in-fact, non-Table claim - meaning he must meet the test for such a claim set forth by the Federal Circuit in *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274 (Fed. Cir. 2005). Petitioner has had several chances to offer an evidence that would support his claim, and he failed to submit such evidence into the record.

As noted above, Petitioner has not sufficiently distinguished this case from the many autism claims that have been litigated unsuccessfully in the Program. The medical records filed in the case do not support the contention that R.G. suffered a vaccine-induced encephalopathy (or any other reaction) close-in-time to the vaccine or thereafter. *See, e.g.*, Ex. 4 at 1 (November 2, 2014 medical visit three weeks post-vaccinations noting R.G. "look[ed] developmentally normal" with no concern for any significant, adverse behavior apart from parental concern R.G. was "avoiding eye contact"); Ex. 7 at 1 (April 21, 2015 medical visit for staring spells noting GERD or seizure as possible explanation); Ex. 8 at 1-13 (August 3, 2015 autism evaluation/diagnosis making no mention of vaccine involvement). At best, one record from long after the October 2014 vaccinations notes in the health history that R.G. "experienced a sudden and significant regression in language . . . shortly after receiving numerous vaccinations[,]" though it offers no explanation or opinion regarding any correlation between the two. *See* Ex. C at 2 (October 23, 2017 neuropsychological evaluation).

The remaining records make no mention of any purported vaccine-induced injury. *See generally* Ex. A at 1-10 (December 15, 2017 occupational therapy evaluation relating to active autism diagnosis); Ex. B at 1-13 (October 6 & 13, 2017 speech evaluation relating to the same); Ex. C at 1-22 (October 23, 2017 neurophysiological evaluation); Ex. D (detailing various birth records, well-baby and well-child visits, and autism assessments); Ex. E (January 1, 2016 visit detailing post-vaccine treatment for reflux and allergic colitis, September 8, 2015 ER visit for leg limp, and additional newborn records). Rather, at best, the records suggest only that R.G.'s parents reported a concern for vaccine-induced regression (absent any treater support connecting a vaccination with any subsequent symptoms R.G. experienced). *See, e.g.*, Ex. 4 at 1; Ex. 5 at 1-2; Ex. D at 144 (April 7, 2014 visit noting concern for autism expressed *prior* to vaccinations alleged to be causative of R.G.'s symptoms), 250 (April 24, 2015 visit noting parents reported regression

3

following twelve-month vaccinations). It is therefore appropriate to dismiss the claim for failure of proof.

Moreover, Petitioner's claim may also be dismissed due to his repeated failures to comply with my orders. A petitioner's inaction and failure to abide by court orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner ignored a deadline set by an Order I issued, and then ignored a second warning that the case would soon be dismissed if he again failed to respond. In each instance I provided him with more than enough time to contact my chambers or file some kind of status report. He was therefore on ample notice of the risks he took not taking my orders seriously.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.[5]**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.